PEOPLE v. MILLER.

(Supreme Court, General Term, First Department. December 16, 1892.)

CRIMINAL LAW—REVIEW ON APPEAL.

Where the evidence amply justifies a verdict of conviction, and the law applicable to the case at bar has been correctly stated, and the facts fairly submitted, to the jury, a verdict will not be set aside on appeal.

Appeal from court of general sessions, New York county.

Herman W. Miller was convicted of an assault, and appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Henry Wehle, for appellant.

De Lancey Nicoll, Dist. Atty., (Henry B. B. Stapler, Asst. Dist. Atty., of counsel,) for the People.

PER CURIAM. This is an appeal from a judgment of conviction of the defendant of assault in the second degree, rendered by the court of general sessions, under which he was sentenced to imprisonment in the penitentiary for two years. The defendant admitted that he stabbed, with a knife, one Boss, the complainant, in the arm, and attempted to justify the act upon the theory that he was acting in self-defense. There was little conflict in the testimony upon the trial, and no exception was taken to the exclusion or admission of evidence. The court fairly submitted the question to the jury whether the defendant was justified in using the knife to defend himself against an apprehended assault by the complainant. This charge drew the attention of the jury to every inference which could have been drawn by them in support of the defense sought to be established, and laid down the law relating to the right of self-defense in accordance with the decisions of the courts in this state, and as declared in the Penal Code. Every request to charge preferred in behalf of the defendant, applicable to the facts of the case, was granted, although not in the exact language of the request. The learned judge responded more fully to those requests than he was re-

quired to do; for, when a request was sound in part and unsound in part, he separated the sound from the unsound, and charged the part which was valid. The trial was a fair one, the verdict was amply justified by the evidence, and the judgment should be affirmed.